UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE BENIQUEZ, | |
| Plaintiff, | 21 Civ. 1467 (PAE) |
| -v- | ORDER |
| JAY JOHNSON, | |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

The Court has received petitioner's request for an extension of time to appeal the June 12, 2023 decision, Dkt. 31, in this case. *See* Dkt. 33. "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4" of the Federal Rules of Appellate Procedure. Fed. R. App. P. 3(a)(1). In a civil case, as relevant here, the notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, a district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires . . . *and* (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A) (emphasis added); *Smith v. CVS Albany, LLC*, No. 17 Civ. 01768 (RRM) (RML), 2023 WL 5153518, at *3 (E.D.N.Y. Aug. 10, 2023).

Here, the judgment was entered on June 12, 2023, Dkt. 32, making petitioner's deadline to appeal July 12, 2023, Fed. R. App. P. 4(a)(1)(A), and his deadline to request an extension of that deadline, August 11, 2023, Fed. R. App. P. 4(a)(5)(A). Although the Court did not receive petitioner's request until August 21, 2023, Dkt. 33, it is dated August 8, 2023. "Under the prison

mailbox rule, a prisoner's submission is generally deemed filed when he places it in the prison mailing system for mailing." *Singleton v. City of New York*, No. 21 Civ. 6583 (LTS), 2021 WL 5323753, at *1 (S.D.N.Y. Oct. 1, 2021); *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (same, as to notice of appeal). Although petitioner does not indicate when he gave his letter to prison officials for mailing, the Court assumes he delivered them to prison officials on the date he signed them—that is, on August 8, 2023. *See Singleton*, 2021 WL 5323753, at *1 (same); *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Accordingly, the Court concludes that petitioner's request for an extension of the deadline to file his notice of appeal is within 30 days of the expiration of his initial appeal period. *See* Fed. R. App. P. 4(a)(5); *cf. Petroceli v. FBI Buffalo Div. Field Off.*, No. 21 Civ. 1205 (CM), 2021 WL 5323574, at *1 (S.D.N.Y. Oct. 20, 2021) (citing *Goode*: "Because Plaintiff's motion was not filed within sixty days after the entry of judgment, the Court does not have authority under Rule 4(a)(1)(A) to extend the time to appeal.").

The Court, nevertheless, declines to extend petitioner's deadline to notice his appeal because he has not shown excusable neglect, as Federal Rule of Appellate Procedure 4(a)(5) requires. *See Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021) ("[A] district court may extend the time to file a notice of appeal if the party seeking an extension shows excusable neglect or good cause" (internal quotation marks omitted)), *cert. denied sub nom. Alexander v. Kijakazi*, 142 S. Ct. 1461(2022). "The 'good cause' standard applies when the need for an extension

2

arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control." *Id.*

Petitioner appears to cite his ignorance of procedural rules as a *pro se* litigant as the reason for his delayed extension request. Dkt. 33. Because this justification is at least partially due to petitioner's own inadvertence in complying with an "entirely clear" rule that he was to notice his appeal within 30 days of the district court's entry of judgment, the Court applies the "excusable neglect" standard. *Id.* at 148; *see, e.g.*, *Straehle v. Ina Life Ins. Co.*, No. 01 Civ. 7180 (FB) (RML), 2005 WL 3388612, at *1 (E.D.N.Y. Dec. 8, 2005) (applying excusable neglect standard where *pro se* plaintiff missed deadline to file notice of appeal). "The burden of proving excusable neglect lies with the late-claimant." *Alexander*, 5 F.4th 148. "In deciding whether a movant has carried this burden, courts consider the four factors set forth by the Supreme Court in *Pioneer*: '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the first, second, and fourth factors weigh in favor of granting the extension; respondent has not suffered meaningful prejudice from petitioner's delay, the length of his delay was short, and nothing in the record indicates petitioner acted in bad faith. *See id.* at 149. Nevertheless, the Court denies the extension request on the basis of the third *Pioneer* factor, to which Second Circuit has "afford[ed] dispositive weight" and which it has described as "the most important *Pioneer* factor." *Id.*; *Alterescu v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 925 (KPF), 2022 WL 17540485, at *2 (S.D.N.Y. Nov. 29, 2022) (same). Insofar as petitioner's delay stemmed from his ignorance of procedural rules, that does not constitute "excusable neglect."

3

*See, e.g.*, *Myers v. New York City Hum. Rts. Comm'n*, No. 04 Civ. 00543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006); *Straehle*, 2005 WL 3388612, at *1; *see also Alterescu*, 2022 WL 17540485, at *2 (not excusable neglect where attorney failed to tell client of court's decision). This is true even where parties are proceeding, like petitioner, *pro se*. *See, e.g.*, *Myers*, 2006 WL 2053317, at *2 (collecting cases); *Straehle*, 2005 WL 3388612, at *1 (collecting cases); *Chiulli v. I.R.S.*, No. 03 Civ. 6670 (HBP), 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005); *cf. Alexander*, 5 F.4th at 148 ("Because the requirement of filing a timely notice of appeal is 'mandatory and jurisdictional,' we have taken a hard line in applying the *Pioneer* test for excusable neglect, explaining that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." (internal citations and quotation marks omitted)); *see also Pioneer*, 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[].").

Accordingly, the Court denies petitioner's request to extend his deadline to notice his appeal. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to petitioner.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: August 23, 2023
         New York, New York