UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE BENIQUEZ,<br><br>          Petitioner,<br>    -v-<br><br>JAY JOHNSON,<br><br>          Respondent. | 21 Civ. 1467 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On August 23, 2023, the Court denied petitioner Jose Beniquez's request to extend the time to file a notice of appeal. Dkt. 34. The Court found that Beniquez's justification for the request, namely his ignorance of procedural rules as a *pro se* litigant, did not constitute "excusable neglect," as is required under Federal Rule of Appellate Procedure 4(a)(5). *Id.* On September 21, 2023, Beniquez filed a letter seeking reconsideration. The Court, after considering Beninquez's arguments, denies his request for reconsideration.

First, Beniquez argues that he sent the original appeal to the Second Circuit "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). He states that his notice of appeal would have been timely had he known to file the notice of appeal with the Southern District of New York, instead of, incorrectly, with the Second Circuit.

Beniquez's misunderstanding of a clear procedural rule does not qualify as "excusable neglect." In deciding whether a movant has carried his burden of proving excusable neglect, courts consider the four factors set out in *Pioneer*: "[1] danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the

movant acted in good faith." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021) (quoting *Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  As explained in the August 23, 2023 Order, the first, second, and fourth factors favor granting the extension.  However, the third factor, which is "afford[ed] dispositive weight," counsels against the extension.  *Id*. at 149.  Beniquez's reason for untimely filing his notice of appeal stems from his ignorance of a procedural rule.  Beniquez mistakenly filed the notice of appeal with the Second Circuit because he did not know that he had to file it with the district clerk.  *See* Fed. R. App. P. 3(a)(3) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4.").  But "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *In re Enron Corp*., 419 F.3d 115, 126 (2d Cir. 2005).  Because Beniquez's failure to file a timely appeal was within his reasonable control, he has not carried his burden of proving excusable neglect.

Second, Beniquez contends that he had a difficult time accessing the Green Haven law library because of work stoppages and insufficient law library personnel.  He argues that the law library's organizational mismanagement delayed the sending of the notice of appeal to the Southern District of New York after it was returned from the Second Circuit.  But the premise of this argument is incorrect.  In the August 23, 2023 Order, the Court did not count against Beniquez the delay between the date he sent the notice to the Circuit (August 8) and the date it was received (August 21).  *See* Dkt. 34 at 1–2.  Instead, applying the prison mailbox rule, the Court assumed that Beniquez filed his submission on August 8, 2023.  *Id.* at 2.  Thus, this period did not factor into the Court's decision to deny his request for an extension.  And Beniquez does not otherwise explain how the law library's mismanagement impeded his timely filing of the

2

notice of appeal. Accordingly, Beniquez has not carried his burden of demonstrating how his experience with the Green Haven library constitutes "excusable neglect."

The Court denies Beniquez's request for reconsideration of the August 23, 2023 Order. The Clerk of Court is directed to mail a copy of this Order to petitioner.

SO ORDERED.

                                                               PAUL A. ENGELMAYER
                                                               United States District Judge

Dated: October 3, 2023
New York, New York